IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH TYSON JOHNSTON PLAINTIFF

v. Case No. 3:26-cv-00119-jdp

ASHLEY FURNITURE INDUSTRIES LLC; ASHLEY GLOBAL RETAIL LLC; ASHLEY DISTRIBUTION SERVICES LTD; ASHLEY DISTRIBUTION SERVICES LLC; ASHLEY HOMESTORES LTD; JAMES MICHAEL HILL; STEVEN RALSTON; ACE AMERICAN INSURANCE COMPANY, and CHUBB INDEMNITY INSURANCE COMPANY DEFENDANTS

**MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STAY**

Plaintiff Kenneth Tyson Johnston moves to stay all pending defense motions, including motions to dismiss and motions for relief from improper joinder, pending resolution of Plaintiff's Motion to Remand to State Court. The remand motion raises a threshold question whether this case should remain in federal court at all. If the Court grants remand, the pending federal merits motions become unnecessary in this Court. Requiring Plaintiff to brief multiple motions to

dismiss while that threshold remand issue remains pending wastes the resources of all parties and the Court.

## BACKGROUND

This action was removed on February 17, 2026. Dkt. 1. An amended notice of removal was filed on February 23, 2026. Dkt. 24. On February 27, 2026, Defendants filed three motions: the ACE and Chubb Insurance Motion to Dismiss, Dkt. 30; Ashley Distribution Services LLC and Ashley Distribution Services LTD's Motion to Dismiss or Transfer Venue, Dkt. 32; and Ashley Furniture Industries LLC, Ashley Global Retail LLC, and Ashley Homestores LTD's Motion to Dismiss, Dkt. 34. On March 4, 2026, Plaintiff filed a Motion to Remand to State Court (Dkt. 39), a Memorandum Brief in Support (Dkt. 40), and a Declaration of Christopher D. Stombaugh with Exhibits A through J (Dkt. 41). Plaintiff's remand motion argues that removal violated the forum-defendant rule of 28 U.S.C. § 1441(b)(2) because Defendant Steven Ralston, a Wisconsin citizen, was properly joined and served before any notice of removal was filed.

Before Plaintiff's remand motion was filed, Defendants filed multiple dispositive and procedural motions, including motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), motions seeking relief based on improper joinder, motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and a motion to dismiss or transfer venue. Plaintiff's responses to Dkts. 30, 32, and 34 are due on March 20, 2026, while Defendants' opposition to remand is not due until March 25, 2026, and Plaintiff's remand reply is not due until April 6, 2026.

The parties have agreed to conduct a Rule 26(f) conference on March 12, 2026, and the Court has set a preliminary pretrial conference for March 31, 2026. Plaintiff intends to

participate in good faith. However, the pendency of the remand motion counsels against the entry of a formal scheduling order or discovery deadlines until the Court resolves the threshold remand issue.

## ARGUMENT

### I. The Court Should Resolve the Remand Motion Before Further Federal Merits Motion Practice.

The Court must establish subject-matter jurisdiction before reaching the merits because "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998) (quoting Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)). "[W]ithout jurisdiction the court cannot proceed at all in any cause." Id. at 94. See also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) ("a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit").

Plaintiff does not contend that the forum-defendant rule is itself a limit on Article III subject-matter jurisdiction. The point for present purposes is narrower and practical: Plaintiff's Motion to Remand raises a threshold question whether this removed case should remain in federal court. And if remand is required, "the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiff's remand motion argues that removal violated the forum-defendant rule, which provides that a diversity case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). If the Court grants remand, every Pending Motion becomes unnecessary in

this Court. Federal courts have discretion to address threshold, non-merits grounds before reaching merits disputes, and this is precisely the kind of antecedent forum question that should be resolved before Plaintiff is required to brief Rule 12(b)(6), Rule 12(b)(2), transfer, and improper-joinder issues in parallel. See Sinochem, 549 U.S. at 431.

## II. When Remand May Be Required, Merits Rulings Should Not Come First.

The Seventh Circuit has held that "1447(c) required the district court to remand this case to state court, because it does not satisfy Article III's requirements." Collier v. SP Plus Corp., 889 F.3d 894, 897 (7th Cir. 2018). In Collier, the district court denied remand and dismissed the case on the merits. The Seventh Circuit vacated the judgment and remanded with instructions to return the case to state court, observing that the defendant's "dubious strategy has resulted in a significant waste of federal judicial resources, much of which was avoidable." Id. "A suit dismissed for lack of jurisdiction cannot also be dismissed with prejudice—that's a disposition on the merits, which only a court with jurisdiction may render." Id. (quoting Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th Cir. 2004)). Collier involved a true Article III defect, and Plaintiff cites it here for the narrower point that federal courts should avoid merits rulings in removed cases when a threshold remand issue may return the case to state court.

## III. The *Grice* Factors Favor a Stay

In United Brick & Fireplace, Inc. v. Basalite Bldg. Prods., LLC, No. 24-cv-305-jdp (W.D. Wis. Mar. 18, 2025), this Court granted remand and denied the motion to dismiss as moot, ordering that "[p]laintiff United Brick Fireplace Inc.'s motion to remand, Dkt. 13, is GRANTED" and "[d]efendant Interstate Brick's motion to dismiss, Dkt. 6, is DENIED as moot." That disposition reflects the common-sense point that merits briefing may become unnecessary

when a threshold remand issue is resolved first. As the Court explained, "the court sees no reason for dismissal, so it will remand this case to state court for lack of jurisdiction." Id.

The Western District of Wisconsin evaluates motions to stay under the four-factor test set forth in Grice Engineering, Inc. v. JG Innovations, Inc., 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010), which considers: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. See also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). All four factors favor a stay:

*Early stage.* This case was removed on February 17, 2026, and the remand motion was filed on March 4, 2026. No scheduling order has been entered, no discovery has begun, and the preliminary pretrial conference has not yet occurred. The litigation is at its earliest stage.

*No prejudice to Defendants.* Defendants will suffer no undue prejudice from a brief deferral of merits briefing while the Court resolves the threshold remand issue. Plaintiff asks only that the Court decide Dkt. 39 before requiring merits briefing on Dkts. 30, 32, and 34. If the case remains in federal court, those motions can be briefed promptly under a revised schedule.

*Simplification.* If the Court grants remand, all Pending Motions become unnecessary in this Court, as occurred in United Brick. Staying merits briefing avoids the possibility that the parties and the Court invest time in motions that will never be decided here. Even if remand is denied, the parties will then know with certainty that federal merits briefing should proceed here.

*Reduced burden.* Requiring Plaintiff to brief responses to multiple motions to dismiss, a motion to dismiss or transfer venue, and motions seeking improper-joinder relief while the forum

itself remains unresolved wastes attorney time and resources that cannot be recovered. The Court's own resources are conserved by resolving the remand motion first.

This Court's decision in Donald J. Trump for President, Inc. v. Northland Television, LLC, No. 20-cv-385-wmc (W.D. Wis. May 18, 2020), is not to the contrary. There, Judge Conley denied a stay because "a stay would not in any way simplify the issues or meaningfully reduce the burden of litigation, since defendant (and apparently the proposed intervenor) intends to pursue its motion to dismiss on the same basic grounds even if the case is remanded back to state court." The court concluded that "the balance favors proceeding with the parties' pending motions on a parallel-track." Here, by contrast, the Pending Motions include removal-specific arguments, including requests for relief based on improper joinder, that would not be pursued in state court. A stay will therefore simplify the issues and reduce the burden of litigation.

**IV. The Requested Stay Is Narrowly Tailored.**

Plaintiff does not seek an indefinite stay. Plaintiff asks only that merits briefing and decision on Dkts. 30, 32, and 34 be deferred until the Court rules on the pending remand motion. The parties have agreed to conduct a Rule 26(f) conference on March 12, 2026, and Plaintiff intends to participate in good faith. Plaintiff asks only that the Court defer the entry of a formal scheduling order and discovery deadlines until the remand issue is resolved.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court stay all deadlines for responding to Dkts. 30, 32, and 34, stay decision on those Pending Motions, and defer the entry of any scheduling order or discovery deadlines pending resolution of Plaintiff's Motion to Remand.

Dated: March 11, 2026.

Respectfully submitted,

/s Baskin L. Jones
Baskin L. Jones
MS Bar No. 103589
Jones Law Group P.A.
3417 State Street
Jackson, Mississippi 39216
(601) 272-2406
baskin@injuredinmississippi.com

Christopher D. Stombaugh
Wis. Bar No. 1022065
Michigan Auto Law PLLC
P.O. Box 437
Platteville, Wisconsin 53818
(608) 778-3314
cstombaugh@michiganautolaw.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a true and correct copy of the foregoing was filed electronically using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered as Filing Users. Any counsel of record not registered as a Filing User was served by electronic mail.

Dated: March 11, 2026.

By: /s/ Baskin L. Jones
BASKIN L. JONES